IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:22-CV-140-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| DR. IBRAHIM N. OUDEH, HANAN ) | |
| KHAROUFEH, THE NAIM TRUST, ) | |
| FUMYXS, LLC, 4642 JONES TRUST, ) | |
| and 421 GROVEMONT TRUST, ) | |
| ) | |
| Defendants. ) | |

WHEREAS, plaintiff United States of America and defendants Ibrahim N. Oudeh, Hanan Kharoufeh, The Naim Trust, FUMYXS, LLC, 4642 Jones Trust, and 421 Grovemont Trust (each a "Party" and together, the "Parties"), have jointly moved, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for entry of this Consent Protective Order ("Order") in order to expedite the discovery process, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled in the above-captioned lawsuit (the "Action"), and good cause having been shown;

IT IS HEREBY ORDERED:

1. <u>Confidential Discovery Material</u>. Any Party or nonparty (each, a "Producing Party") producing, or providing in response to formal or informal discovery in this Action, writings, drawings, graphs charts, photographs, electronically stored information, tangible objects, and any other data compilations from which information can be obtained, answers to interrogatories, answers to deposition questions, responses to requests for admission, testimony, depositions,

1

deposition exhibits, or other material (hereinafter "Discovery Material") may mark or designate as "Confidential Discovery Material" all or any part thereof that the Producing Party believes contains nonpublic, confidential, proprietary, commercially sensitive, or personally sensitive information, or is otherwise subject to the protection of applicable law. Any Party receiving Discovery Material in this action (a "Receiving Party") may also mark or designate such Discovery Material as Confidential Discovery Material. Any Producing Party or Receiving Party so marking or designating Discovery Materials shall be referred to in this Order as a "Designating Party."

2. <u>Restricted Confidential Discovery Material</u>. Any Designating Party may mark or designate as "Restricted Confidential Discovery Material" any Confidential Discovery Material that the Designating Party reasonably believes contains highly confidential competitive, financial, commercial, personal, trade secret, or proprietary information, the disclosure of which is likely to cause substantial hardship to the competitive position or personal interests of the Designating Party and the disclosure to the Parties may materially increase the risks of such substantial harm. For the sake of clarity and for purposes of this Order, Restricted Confidential Discovery Material is included within and a subpart of the definition of Confidential Discovery Material.

3. <u>Procedure for Designating Confidential Discovery Material</u>. A Designating Party shall make the designation of Confidential Discovery Material in the following manner:

    a. <u>Documents (except for transcripts of depositions or other pretrial or trial proceedings)</u>: By conspicuously stamping the legend "Confidential" on each page containing Confidential Discovery Material;

    b. <u>Electronically-Stored Information or Files and Other Tangible Items</u>: By affixing in a prominent place on the exterior of the object, container or containers, or

electronic file folder in which the information or item is stored, as applicable, the legend "Confidential;"

  c. <u>Responses to Written Discovery</u>: For responses to interrogatories under Federal Rule of Civil Procedure 33 and requests for admission under Federal Rule of Civil Procedure 36, by labeling the response "Confidential;"

  d. <u>Initial Treatment as Restricted Confidential Discovery Material</u>. A Receiving Party shall treat all Discovery Material described in subparagraphs 3.a., 3.b., and 3.c. of this Order as Restricted Confidential Discovery Material for five (5) business days after the Discovery Material is received by the Receiving Party. During that five (5) business day period, any Party may designate as Restricted Confidential Material any such Discovery Material that lacks such a designation and may designate as Confidential Discovery Material any such Discovery Material that has no confidentiality designation. Such retroactive designation by a Receiving Party shall be made in writing, and it shall be the obligation of the Receiving Party (now Designating Party) to provide the other Parties with a revised copy of the Discovery Material being retroactively designated containing the proper confidentiality designation. Following the conclusion of the five (5) business day period, Discovery Material shall have the designation assigned to it, subject to the right of the Parties to challenge the designation pursuant to paragraph 17 of this Order. For the avoidance of doubt, the intent of this subparagraph is to provide a period of five (5) business days to each Receiving Party, once it has received Discovery Material from a Producing Party, to assign a confidentiality designation to Discovery Material lacking that designation;

e. Deposition Testimony: By indicating on the record at the deposition that the testimony is to be designated "Confidential" and to be treated in accordance with this Order. In that case, the court reporter is to mark the cover page and, where indicated by the Party or nonparty designating deposition testimony, particular pages and lines of the transcript "Confidential." If a designation is not made during the deposition, all Parties are to treat the entire transcript as having been designated as Restricted Confidential Discovery Material for a period of ten (10) business days following receipt of the transcript. During that ten (10) business day period, any Party or nonparty may designate testimony as "Confidential" by notifying all Parties and the court reporter in writing; and

f. Limitations on Marking Confidential Discovery Material: Unless a Designating Party intends to designate all of the information contained within a particular item of Discovery Material as Confidential Discovery Material, counsel for the Designating Party shall indicate in clear fashion that portion of the Discovery Material that is intended to be designated.

4. Procedure for Designating Restricted Confidential Discovery Material. The procedures for designating Restricted Confidential Discovery Material shall be the same as set forth for designating Confidential Discovery Material in paragraph 3.a. through 3.f., above, except that Restricted Confidential Discovery Material shall be marked with the words "Confidential – For Attorneys' Eyes Only," or "Confidential – AEO."

5. Use and Disclosure of Confidential Discovery Material. Confidential Discovery Material shall be disclosed only to Qualified Persons as defined in paragraphs 6 and 7 of this Order and only used for the prosecution, defense, or attempted settlement of this Action. Such material or information shall not be used for any other purpose, including, but not limited to, competing

4

with the Designating Party or for any other commercial or business purpose; shall not be disclosed by a Party or Qualified Person to anyone except Qualified Persons; and shall not be used in any other action or proceeding.

6. <u>Definition of Qualified Persons</u>. As used herein, "Qualified Persons" means and includes only the following:

    a. The Court, including its staff and any jury selected in this Action;

    b. Outside or Government counsel for any Party in this Action who individually or whose law firm or office has entered an appearance of record in this Action, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services and whether engaged by outside counsel or by the Party) assisting in the conduct of this Action for use in accordance with this Order;

    c. Attorneys employed by a Party in such Party's legal department, general counsel's office, or similar department, whose access to Confidential Discovery Material is necessary for purposes of this Action, and staff working directly with such attorneys;

    d. The author and recipient, including anyone named in the "cc:" or "bcc:" section, of a document designated as Confidential Discovery Material;

    e. Experts or consultants retained by a Party or by counsel for a Party for the purpose of assisting in this Action, including the expert or consultant's staff to whom it is necessary that Confidential Discovery Material be disclosed for purposes of this Action, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this Action;

    f. Mediators selected or agreed-upon by the parties to assist in the resolution of this Action;

g. Witnesses in this Action other than individuals in the categories set forth in subparagraphs 6.d., 6.e., and 6.h. and their counsel, but only to the extent reasonably necessary for their review in preparation for or during a witness' deposition or in preparation for a witness' testimony at trial or a hearing in this Action, provided that, upon completion of the review, all Confidential Discovery Material shall be returned to counsel who supplied it to the witness (and/or the witness's counsel);

h. Any individual who is or may become a Party in this Action, and any current director, officer, trustee, principal, manager, or employee of a Party whose access to Confidential Discovery Material is necessary for preparation, pretrial discovery, settlement discussions, court proceedings, or trial in this Action;

i. Any court reporters employed in connection with this Action; and

j. Any other person ordered by the Court or agreed to in writing by the Designating Party.

7. <u>Limited Qualified Persons for Restricted Confidential Discovery Materials</u>. Restricted Confidential Discovery Material shall be disclosed only to the Qualified Persons identified in subparagraphs 6.a., 6.b., 6.c., 6.d., 6.e., 6.f., 6.i., and 6.j. above. Nothing in this Order shall preclude or impede counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of information designated as Restricted Confidential Discovery Materials, provided that such communications or advice shall not disclose or reveal such information.

8. <u>Qualified Persons Bound</u>. It shall be the responsibility of counsel to ensure that Qualified Persons to whom counsel (or the Party counsel represents) provides Confidential Discovery Material pursuant to this Order know the terms of this Order and agree to be bound by them. Before any disclosure to the Qualified Persons identified in subparagraph 6.e., 6.f., 6.g., or

6

Case 5:22-cv-00140-D   Document 39   Filed 04/03/23   Page 6 of 16

6.h. above of any Confidential Discovery Material, such persons must have signified in writing in the form attached hereto as Exhibit A that he or she has read and consents to abide by the terms of this Order ("Acknowledgment and Agreement to Be Bound").

9. <u>Use of Confidential Discovery Material in Depositions</u>.  Whenever Confidential Discovery Material is to be disclosed at a deposition, the Designating Party may require the exclusion from the deposition of any person who is not entitled to disclosure of such material under this Order.

10. <u>Use of Confidential Discovery Material in Documents Filed with the Court</u>.  Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party.  The filing of the materials under seal shall not be binding on the Court, however.  Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information.

Except for motions filed under seal in accordance with Section V.G.1.(f) of the Electronic Case Filing Administrative Policies and Procedures Manual, each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

7

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

11. <u>Inadvertent Disclosure of Confidential Discovery Material</u>. If a Producing Party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Discovery Material at the time of its production or disclosure, the Producing Party may thereafter mark or otherwise designate the material as Confidential Discovery Material by giving prompt, written notice of the designation to all Parties after discovery of the failure to designate.

8

Thereafter, such Confidential Discovery Material shall be subject to the provisions of this Order and shall be treated as so designated from the date written notice of designation is provided to the other Party or Parties. A Party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated Confidential Discovery Material was in the interim disclosed and shall make reasonable efforts to retrieve all copies of the Confidential Discovery Material distributed to persons other than Qualified Persons.

12. <u>Inadvertent Disclosure by Receiving Party</u>. If a Receiving Party having received Confidential Discovery Material inadvertently discloses such material to any person other than Qualified Persons (as defined in paragraphs 6 and 7 above), the Receiving Party shall promptly report such disclosure in writing to the Designating Party. The Receiving Party shall use its best efforts to retrieve the Confidential Discovery Material and any documents containing such Confidential Discovery Material and to obtain the agreement of any person to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with this Order. The Receiving Party shall also inform any person to whom unauthorized disclosure was made of this Order and request each such person to execute an Agreement to Be Bound. Any Confidential Discovery Material disclosed by a Receiving Party shall continue to be treated by the Parties as Confidential Discovery Material under this Order.

14. <u>Inadvertent Disclosure of Privileged Material</u>. The inadvertent disclosure of material that is otherwise subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery or disclosure shall not constitute a waiver or forfeiture of such privilege or immunity in this Action or in any other federal or state proceeding, provided that the Party making the inadvertent disclosure promptly gives written notice thereof to any recipient.

15. <u>Enforcement</u>. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court. Counsel for a Party disclosing Confidential Discovery Material pursuant to paragraphs 6 and 7 of this Order shall maintain a complete and current file of all Agreements to Be Bound, which shall be available to the Court in the event of a dispute as to whether any provision of this Order has been violated.

16. <u>Relief from Protective Order; Additional Protection</u>. After conferring with the Designating Party, a Party may move for an order relieving the Party of the provisions of this Order for good cause shown to be determined by the Court. Furthermore, this Order shall be without prejudice to the right of any Party or nonparty to oppose production of any document or information on any other ground. Parties and nonparties retain the right to move the Court for an order affording additional protection to any documents or information produced herein as the circumstances may warrant.

17. <u>Challenges to Designations</u>. In the event that any Party disagrees at any stage of these proceedings with a designation of Discovery Material as Confidential Discovery Material or Restricted Confidential Discovery Material, after conferring with the Designating Party, the Party may move the Court for an Order removing the designation, provided that the Designating Party shall have the burden of persuasion with regard to the designation on any such motion. Discovery Material designated as Confidential Discovery Material or Restricted Confidential Discovery Material shall continue to be treated as such under this Order unless and until the Court enters an order removing the designation. A Party shall not be obligated to challenge a Confidential Discovery Material or Restricted Confidential Discovery Material designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

18. <u>Voluntary or Court-Ordered Disclosure of Confidential Material</u>. Nothing herein shall prevent disclosure beyond the terms of this Order: (a) by the Designating Party, (b) if the Designating Party consents in writing to such disclosure, or (c) if the Court, after notice to the Designating Party, orders such disclosure.

19. <u>Use of Own Confidential Discovery Material</u>. This Order has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose, unless another Party also has designated that Discovery Material as Confidential Discovery Material. Further, nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Material that has been obtained lawfully by such Party independently of the discovery proceedings in this action.

20. <u>Return of Confidential Material</u>. Within thirty (30) calendar days following the final disposition of this Action, each Receiving Party shall return all Confidential Discovery Material to the Producing Party. As an alternative to the return of all such Confidential Discovery Material, the Receiving Party may destroy such material. Promptly, after the return or destruction of the Confidential Material to the Producing Party, the Receiving Party shall certify in writing that all Confidential Discovery Material has been returned to the Producing Party or destroyed. These obligations extend to all copies of Confidential Discovery Material in a Party's possession, custody, or control or in the possession, custody, or control of persons or entities to which that Party has distributed Confidential Discovery Material. If the Receiving Party has specified items returned to the Producing Party and requested in writing acknowledgment of receipt, the Producing Party shall acknowledge receipt or all items returned. Notwithstanding any other provisions of this paragraph, outside counsel for the Parties shall be entitled to retain unredacted documents filed with the Court; written discovery material; unredacted transcripts of depositions, hearings, and

trial and exhibits thereto; and attorney work product, but any such material containing Confidential Discovery Material shall remain subject to all other provisions of this Order.

21. Waiver and Modification. None of the restrictions imposed by this Order may be waived or modified, except by written stipulation executed by each Party and any Producing Party that is not a party to this Action, or by an Order of the Court for good cause shown.

22. Prior Agreements. This Order supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Order.

23. Section Captions. The title captions for each section of this Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

24. Application to Additional Parties. This Order shall be binding on any future party to this action.

25. Applicability to Nonparties. The production of any Discovery Material by any nonparty to the action shall be governed by the terms of this Order.

26. Preservation of Rights. None of the provisions of this Order shall prejudice the right of any Party to object to discovery on other grounds or operate as an admission by any Party that any particular Discovery Material contains or reflects any confidential information. In entering into this Order, the Parties preserve all objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any Party to object to the admissibility of any materials or information into evidence at the trial of the Action or in any other proceeding in this Action. This Order is without prejudice to the right of any Party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any statute or other authority. Specifically, pursuant to Federal Rule of Evidence 502(d), nothing in this order waives potential privilege claims or work-product protection asserted

by the Parties, including for the Confidential Discovery Material, the protected information contained therein, and the subject matter of the Confidential Discovery Material, and nothing in this Order waives the right of any Party to challenge those assertions.

27. Nothing in this Order prohibits the United States from using or disclosing the Confidential Discovery Materials consistent with its oversight and law enforcement functions, or otherwise in accordance with applicable law, regulations, and policies, including any authorized disclosures to Congress or other federal departments or agencies.

28. This Order pertains to all materials produced among the Parties in this case, and is retroactively applicable to any material produced before this Order was entered. This Order does not pertain to any other materials.

29. Jurisdiction and Binding Effect. Unless terminated by order of this Court or by stipulation of all Parties and any Producing Party that is not a party to this action, this Order shall survive the final termination of this Action, including any appeals, and shall be binding on the Parties' successors and assigns. The Court shall retain jurisdiction over the Parties and counsel for the Parties as necessary to enforce this Order.

**SO ORDERED** this __3__ day of __April__, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge

CONSENTED TO:

MICHAEL F. EASLEY, JR.
United States Attorney

/s/ Neal I. Fowler
NEAL I. FOWLER
Assistant United States Attorney
Civil Division
150 Fayetteville Street
Suite 2100, Federal Building
Raleigh, North Carolina 27601
Telephone: (919) 856-4049
Email: Neal.fowler@usdoj.gov
NC Bar #27371
*Counsel for Plaintiff*


/s/ Caitlin M. Poe
CAITLIN M. POE
Williams Mullen
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Telephone: (919)981-4000
Email: cpoe@williamsmullen.com
NC Bar # 44713
*Counsel for Defendants Hanan Kharoufeh, The Naim Trust, FUMYXS, LLC. 4642 Jones Trust, and 421 Grovemont Trust*


/s/ Brenton D. Adams
BRENTON D. ADAMS
Brent Adams & Associates
Post Office Box 1389.
Dunn, North Carolina 28355
Telephone (910)892-8177
Email: brent@brentadams.com
NC Bar # 11
*Counsel for Defendant Ibrahim N. Oudeh, MD*

# EXHIBIT A
## Agreement to be Bound

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:22-CV-140-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. IBRAHIM N. OUDEH, HANAN )<br>KHAROUFEH, THE NAIM TRUST, )<br>FUMYXS, LLC, 4642 JONES TRUST, )<br>and 421 GROVEMONT TRUST, )<br>)<br>Defendants. ) | **AGREEMENT TO BE BOUND** |

The undersigned has read the Consent Protective Order entered in this action, understands its terms, and agrees to abide by its terms. I am a Qualified Person under the Protective Order because:

_____

_____. The undersigned specifically agrees that any Discovery Material disclosed to her/him shall be used only for the prosecution or defense of this action, that no Discovery Material will be disclosed by her/him other than to persons designated in the Consent Protective Order, and that all Discovery Material will be returned to counsel. The undersigned acknowledges that she/he is subject to the jurisdiction of the above-captioned Court with regard to the Consent Protective Order and understands that violation of the Order shall subject her/him to such penalties, damages and other relief as may be permitted by law, and that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

This the _____ day of _____, _____.

_____
(Signature)

_____
(Print Name)