IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-140-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DR. IBRAHIM N. OUDEH, et al., ) | |
| ) | |
| Defendants. ) | |

On April 11, 2022, the United States of America ("United States" or "plaintiff") filed an action against Dr. Ibrahim N. Oudeh ("Oudeh"), Hanan Kharoufeh ("Kharoufeh"), the Naim Trust ("Naim Trust"), FUMYXS, LLC ("FUMYXS"), 4642 Jones Trust ("Jones Trust"), and 421 Grovemont Trust ("Grovemont Trust"), (collectively, "defendants") [D.E. 1]. The United States alleges Oudeh made fraudulent transfers in violation of 28 U.S.C. § 3304(b)(1). See [D.E. 1] 1. On May 27, 2022, Oudeh filed an answer and counterclaim [D.E. 14]. On August 19, 2022, Oudeh filed a motion to dismiss [D.E. 24] and memorandum in support [D.E. 25]. On December 8, 2022, this court denied the motion to dismiss [D.E. 27]. On April 28, 2023, the United States moved to amend its complaint [D.E. 40]. On June 13, 2023, this court granted the motion to amend [D.E. 46], and the United States filed an amended complaint [D.E. 47]. On June 28, 2023, Oudeh filed an answer and counterclaim [D.E. 49]. On August 28, 2023, the United States moved to dismiss Oudeh's counterclaim for failure to state claim [D.E. 59] and filed a memorandum in support [D.E. 60]. See Fed. R. Civ. P 12(b)(6). On September 18, 2023, Oudeh responded [D.E. 65] and filed a memorandum in opposition [D.E. 66] to the motion to dismiss for failure to state a claim. On September 28, 2023, the United States replied [D.E. 68]. As explained below, the court grants the

United States's motion to dismiss and dismisses with prejudice Oudeh's counterclaim against the United States.

I.

On January 12, 2018, in United States v. Oudeh[1] ("Oudeh I"), the United States and the State of North Carolina ("North Carolina") filed an action against Oudeh under the False Claims Act, 31 U.S.C. § 3769, for alleged systematic medical billing fraud. See Am. Compl. [D.E. 47] ¶¶ 16, 18. On April 20, 2020, Oudeh, the United States, and North Carolina moved to enter a settlement agreement for $5,500,000 with conditions, including that the court had jurisdiction to enforce the terms of this settlement agreement and a stipulated joint dismissal and consent order. See id. at ¶¶ 19–20, 22–24; [D.E. 123, 124].[2] On April 28, 2020, the court implemented the Settlement Agreement, including a provision allowing for the entry of an incorporated consent judgment, and dismissed Oudeh I. See [D.E. 126]; [D.E. 127] 1–2. On April 11, 2022, the United States and North Carolina filed an ex parte notice to the Clerk of Court to enter the consent judgment. See [D.E. 134]. On April 15, 2022, the Clerk of Court entered the consent judgment. See [D.E. 137]. On October 18, 2022, defendants moved to set aside the consent judgment. See [D.E. 198]. On April 25, 2023, the court denied the motion. See [D.E. 207] 11.

The United States alleges that Oudeh failed to "disclose assets and income in the sworn [f]inancial [s]tatements provided . . . or made material misrepresentations." Am. Compl. ¶¶ 20, 25. The United States claims that Oudeh made fraudulent transfers in violation of 28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B) including: (1) transferring $400,000 from the Naim Scottrade

---

[1] This citation is to case number 5:18-CV-9-D.

[2] This citation and the remaining citations in this paragraph are to case number 5:18-CV-9-D.

2

Account to FUMYXS for real estate purchases; (2) transferring the Jones Sausage Road Property from FUMYXS to the Jones Trust without adequate consideration; (3) transferring $419,673 and $540,923 from Oudeh's personal account and Oudeh's Medical Plaza Scottrade account to the Naim Scottrade Account; and (4) transferring funds from the Naim Scottrade Account to other accounts to ultimately purchase the Grovemont Properties at Grovemont lots 421 and 425 without adequate consideration, which concealed transfer of the Jones Sausage Road Property and Grovemont Properties and concealed assets shortly after the fraud investigation began. See id. at ¶¶ 26–42, 48, 52, 56. The United States alleges that these transfers were made to impair its right to collect Oudeh's debt and in contradiction to his 2018 Financial Statement. See id. at ¶¶ 43, 52.

The United States seeks a judgment declaring (1) the transfers at issue null and void and that ownership of the subject properties is property belonging to Oudeh and encumbered by the judgment entered, (2) that Oudeh and the other defendants are indebted to the United States for the transfer of funds into and out of the Naim Scottrade Account and the value of the subject properties in an amount not to exceed Oudeh's debt to the United States, and (3) that the real property transferred be subject to remedies under the Federal Debt Collection Procedures Act, and awarding all appropriate relief. See id. at 13–14.

In his counterclaim, Oudeh alleges that neither he nor his wife, Kharoufeh, failed to disclose assets or income, and that this court should strike the consent judgment, nullify the terms of the consent judgment, and allow Oudeh to recover his improperly collected funds. See Ans. [D.E. 49] 17–18. Oudeh also seeks a judgment against the United States for adverse consequences to his credit. See id.

II.

A motion to dismiss under Rule 12(b)(6) tests a pleading's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a pleading's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a party's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleading and any materials "attached or incorporated into the [pleading]." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the [pleading] and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the [pleading] and any exhibit attached . . . , the exhibit prevails." Id. (quotation

4

omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Oudeh argues that the Unites States's motion to dismiss his counterclaim is untimely. See [D.E. 66] 3–4. The United States must answer a counterclaim "within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). On June 13, 2023, the United States filed its amended complaint. See [D.E. 47]. On June 28, 2023, Oudeh filed his answer and counterclaim. See [D.E. 49]. On August 28, 2023, the United States moved to dismiss Oudeh's counterclaim. See [D.E. 59]. Thursday, June 29, 2023, is the first day included in the timeliness calculation. See Fed. R. Civ. P. 6(a)(1)(A). Sunday, August 27, 2023, is the last day included in the timeliness calculation. Thus, Monday, August 28, 2023, was the last day the United States could file a pre-answer motion or answer. See Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the United States timely filed its motion to dismiss Oudeh's counterclaim. See Fed. R. Civ. P. 12(a)(2). Because the United States timely filed its pre-answer motion to dismiss Oudeh's counterclaim, the United States tolled the clock on its required answer. See Fed. R. Civ. P. 12(a)(4)(A).

The United States contends that the doctrine of res judicata bars Oudeh's counterclaim. See [D.E. 60] 5–9. Under the doctrine of res judicata, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004); Parks v. Petsmart, No. 5:13-CV-777, 2014 WL 11996387, at *2 (E.D.N.C. Feb. 12,

5

2014) (unpublished), aff'd, 577 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished). "[T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). The party invoking claim preclusion must prove: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991); see Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Thus, claim preclusion "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979), superseded on other grounds by statute, Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2682 (1978); see Pueschel, 369 F.3d at 354.

When considering finality, "a valid judgment or decree entered by agreement or consent operates as res judicata to the same extent as a judgment or decree entered after answer and contest, and is binding and conclusive upon the parties, and those in privity with them." Nash Cnty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 487 n.6 (4th Cir. 1981) (quotation omitted). Moreover, a pending appeal does not destroy the judgment's finality or bar a court from applying claim preclusion. See, e.g., Coleman v. Tollefson, 575 U.S. 532, 539 (2015); Reed v. Allen, 286 U.S. 191, 199 (1932); Orr v. U.S. EPA, 641 F. Supp. 3d 258, 268 (W.D.N.C. 2022); see also Jack H. Friedenthal et al., Civil Procedure 653 (6th ed. 2021). When considering the same cause of action,

6

the determination "turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355.

The United States relies on Oudeh I for its preclusive effect. In Oudeh I, this court entered the consent judgment and an abstract judgment for the United States stating:

> IT IS ORDERED, ADJUDGED, AND DECREED that in accordance with the stipulation of dismissal and consent order for entry of judgment entered April 28, 2020, that judgment is entered in favor of Plaintiffs United States of America and The State of North Carolina who shall have and recover from Defendants Dr. Ibrahim N. Oudeh, Teresa Sloan-Oudeh, and Ibrahim N. Oudeh, M.D., P.A., jointly and severally, the sum of $5,500,000.00 with post-judgment interest at the rate of 1.77% per annum.

[D.E. 176] 1;[3] see [D.E. 126, 127, 137]. This court denied Oudeh's amended motion to set aside the judgment, and Oudeh's appeal of this judgment is pending. See [D.E. 207, 208].

Claim preclusion bars Oudeh's counterclaim. First, Oudeh I produced a final judgment on the merits. See [D.E. 176] 1.[4] Oudeh's appeal of Oudeh I does not destroy this finality. See, e.g., Coleman, 575 U.S. at 539. Second, neither party disputes that Oudeh I concerns the same cause of action as this action's counterclaim. Third, the United States and Oudeh were parties to Oudeh I. Thus, claim preclusion bars Oudeh's counterclaim.

In opposition, Oudeh cites Weinberger v. Tucker, 510 F.3d 486, 494 (4th Cir. 2007), for the proposition that an appealed judgment is not final. See [D.E. 66] 5. In Weinberger, the Fourth Circuit applied Virginia preclusion law. See Weinberger, 510 F.3d at 494. Thus, Weinberger provides no comfort to Oudeh.

---

[3] This citation and the remaining citations in this paragraph are to case number 5:18-CV-9-D.

[4] This citation and the remaining citations in this paragraph are to case number 5:18-CV-9-D.

III.

In sum, the court GRANTS plaintiff's motion to dismiss Oudeh's counterclaim [D.E. 59] and DISMISSES WITH PREJUDICE the counterclaim.

SO ORDERED. This 8 day of December, 2023.

JAMES C. DEVER III
United States District Judge